# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHANTE BASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV505 HEA |
| ) | |
| ALLSTATE INDEMNITY COMPANY,) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 12]. Defendant has filed a written memorandum opposing the motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri, seeking recovery for fire loss damages to personal property under a policy of insurance issued by Defendant. Plaintiff prays for an amount of damages less than Seventy Five Thousand Dollars, ($75,000.00). The policy limits issued by Defendant for the claimed loss is Twenty Five Thousand Dollars, ($25,000). Plaintiff has claimed this amount in her sworn statement of proof of loss, which was attached to her State Court Petition.

Defendant removed this action based on the Court's diversity of citizenship,

pursuant to 28 U.S.C. § 1332.  Plaintiff now moves to remand, contending that the Court lacks jurisdiction.  The parties do not dispute that they are of diverse citizenship, rather, Plaintiff contends that Defendant has failed to establish the amount in controversy exceeds $75,000.

## Standard for Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331.  *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied.  *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).  Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts.  *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).  Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts

about the propriety of removal are resolved in favor of remand. See *In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## Discussion

Jurisdiction under § 1332 requires a minimum amount in controversy in excess of $75,000, exclusive of interest and costs, and complete diversity of citizenship among the parties. Plaintiff alleges that the amount in controversy requirement has not been met and, thus, that federal jurisdiction is improper.

With regard to the amount in controversy requirement, the Eighth Circuit has established that when "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practice Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)).

To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v.*

*Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).  In determining the amount in controversy, the relevant question is not whether the verdict will ultimately exceed $75,000, rather, it is whether a finder of fact could legally conclude that the damages exceed that amount.  *Riffert v. Walgreen Co.*, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

In the present case, Plaintiff is seeking actual damages in the amount of $25,000.00.   Defendant argues that it *may* be subjected  to defend a suit, under the insurance policy, against Plaintiff in an action by the landlord of the premises for damages, which would clearly raise Defendant's potential liability over the jurisdictional amount. The Eighth Circuit, however, follows the "plaintiff's viewpoint" in determining whether the amounts in controversy requirement in a removed diversity action is met. *See Smith v. American States Preferred Ins. Co.,* 249 F.3d 812, 813-14 (8th Cir.2001) ("Our own circuit precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount."); *Price v. Cybertel Cellular Tel. Co.,* 2007 WL 1445846 (E.D.Mo. May 14, 2007) (holding that the Eighth Circuit follows the "plaintiff's viewpoint" in determining whether the amount in controversy requirement in a diversity action is met; citing *Smith* ); *J.C. Corporate Mgmt., Inc. v. Resource Bank,* 2005 WL

2206086, *4 (E.D.Mo. Sept.12, 2005) (same).

Accordingly, the Court is required to look solely to Plaintiff's Petition in determining the amount in controversy and cannot speculate on potential liability in an action that may or may not be filed against Plaintiff for which Defendant would have a duty to defend.  Moreover, Defendant's duty to defend is triggered when an actual complaint is filed against the insured. *Esicorp, Inc. v. Liberty Mut. Ins. Co.,* 193 F.3d 966, 969 (8th Cir.1999). *See also Swan Constr. Co. v. Bituminous Cas. Corp.,* 588 F.Supp. 65, 67 (E.D.Mo.1984) ("Under Missouri law ... the duty of a liability insurer to defend pursuant to its agreement is ordinarily determined by comparing the language of the insurance contract and the allegations of the petition or complaint in the action brought by the person injured or damaged."). In this case, no action has yet been filed against Plaintiff. Absent a complaint against the insured, there can be no duty to defend.  Thus, there exists no amount in controversy with regard to Defendant's supposition that it may be required to defend Plaintiff in a suit by her landlord.

## Conclusion

Considering all of the relevant factors, the Court concludes that it lacks diversity jurisdiction in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 12], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

Dated this 27th day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE